UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INVENTEL.TV LLC,<br>         Plaintiff,<br><br>-against-<br><br>FOOTPRINT INSOLE TECHNOLOGY, INC.,<br>and KITTYBABE TRADING LIMITED,<br>         Defendants. | Civil Action No.: 2:24-CV-00861<br><br>CIVIL ACTION |

**ORDER TO SHOW CAUSE ON PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

This matter comes before the Court upon the application of plaintiff InvenTel.TV, LLC ("InvenTel"), by way of Order to Show Cause seeking a temporary restraining order and preliminary injunction, upon notice to defendants. (ECF No. 10.) Upon reading and considering the Complaint of Plaintiff, the declaration of Yasir Abdul, together with the accompanying memorandum of law in support thereof, and there having been no prior request for the relief set forth herein:

IT IS HEREBY ORDERED that Defendants FOOTPRINT INSOLE TECHNOLOGY, INC., and KITTYBABE TRADING LIMITED ("Defendants") show cause before the Honorable Julien Xavier Neals, United States District Judge, in Courtroom 5D of the United States District Court for the District of New Jersey, Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, on the **23rd day of May, 2024, 2:00 p.m.**, or as soon thereafter as counsel may be heard, why an Order should not be entered pursuant to Rule 65 of the Federal Rules of Civil Procedure, against Defendants and their respective subsidiaries,

affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, or under their direct or indirect control, as follows:

1. Preliminarily enjoining and restraining them from posting or publishing any defamatory material regarding Plaintiff or otherwise defaming Plaintiff in anyway, including but not limited to asserting, implying, or suggesting, that Plaintiff or any of its employees, including but not limited to Yasir Abdul and Jeffrey Lubin:

    is/are criminals, part of a crime ring, are involved in any way with organized crime, are part of an international crime syndicate, are imposters, have victims, have targeted of have been targeting anyone are part of or are involved in a massive fraud ring, or an organized fraud ring, or a scam, have threatened or are threatening anyone or have committed any theft, fraud, extortion, or identity theft,  have stolen products and/or inventory, are selling and/or sending stolen inventory, have stolen any website,  have hijacked any website, have stolen, hijacked, or cloned any domain name, have created a fake website, are stealing money from consumers, have or are extorting anyone, or that any of their websites are stolen, hijacked, or faked, that any products are defective, didn't pass quality control, are fake, or that there is no return policy, or any other similarly defamatory statements.

2. Preliminarily enjoining and restraining them from posting or publishing any Confidential Information of, pertaining to, relating to, or belonging to InvenTel as defined in the

> Exclusive Marketing Distribution and Licensing Agreement that was entered into by and between the parties.

3. Ordering them to remove, delete from any and all websites, social media, any other media of any kind any and all material that is defamatory regarding InvenTel or any of its employees or any of InvenTel's confidential information that they have already published.

**IT IS HEREBY FURTHER ORDERED**, good cause having been shown therefor, that pending the hearing and determination on Plaintiff's application for a preliminary injunction, Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, or under their direct or indirect control, be **temporarily restrained from**, in any manner, either directly or indirectly:

1. posting or publishing any defamatory material regarding Plaintiff or otherwise defaming Plaintiff in anyway, including but not limited to asserting, implying, or suggesting, that Plaintiff or any of its employees, including but not limited to Yasir Abdul and Jeffrey Lubin:

   is/are criminals, part of a crime ring, are involved in any way with organized crime, are part of an international crime syndicate, are imposters, have victims, have targeted of have been targeting anyone are part of or are involved in a massive fraud ring, or an organized fraud ring, or a scam, have threatened or are threatening anyone or have committed any theft, fraud, extortion, or identity theft, have stolen products and/or inventory, are selling and/or sending stolen inventory, have stolen any website, have hijacked any website, have stolen,

3

    hijacked, or cloned any domain name, have created a fake website, are stealing money from consumers, have or are extorting anyone, or that any of their websites are stolen, hijacked, or faked, that any products are defective, didn't pass quality control, are fake, or that there is no return policy, or any other similarly defamatory statements.

2. posting or publishing any Confidential Information of, pertaining to, relating to, or belonging to InvenTel as defined in the Exclusive Marketing Distribution and Licensing Agreement that was entered into by and between the parties.

    **IT IS HEREBY FURTHER ORDERED**, good cause having been shown therefor, that pending the hearing and determination on Plaintiff's application for a preliminary injunction, Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, or under their direct or indirect control, be **temporarily compelled to** remove, delete from any and all websites, social media, any other media of any kind any and all material that is defamatory regarding InvenTel or any of its employees or any of InvenTel's confidential information that they have already published.

    **IT IS FURTHER ORDERED** that, sufficient cause having been shown therefor, service of this Order, together with the motion papers filed in connection therewith, and the Summons and Complaint, to the extent not already served, shall be deemed effective if completed by May 9, 2024 by the following means: by email to the email addresses that Defendants' President /CEO has used to correspond with InvenTel's CEO and counsel along with notification by text message that such email has been sent.

**IT IS FURTHER ORDERED** that Defendants may move to have the temporary restraints entered in this matter dissolved on short notice.

**IT IS FURTHER ORDERED** that Defendants shall file any opposition papers by no later than **May 13, 2024.**

**IT IS FURTHER ORDERED** that Plaintiff shall file a reply, if any, by no later than **May 20, 2024**.

SO ORDERED:

Dated: May 9, 2024

_____
**JULIEN XAVIER NEALS**
**United States District Judge**